NOT DESIGNATED FOR PUBLICATION

No. 124,034

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRI E. BAKER, et al.,
*Appellants*,

v.

LEE A. NORMAN, Secretary of the Kansas Department of Health and Environment, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARY E. CHRISTOPHER, judge. Opinion filed June 24, 2022. Affirmed.

*Linus L. Baker*, of Stilwell, for appellants.

*Kurtis K. Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellees.

Before HILL, P.J., POWELL and CLINE, JJ.

PER CURIAM: This is an appeal by Terri E. Baker of the dismissal of her lawsuit against Kansas Governor Laura Kelly, Attorney General Derek Schmidt, the Secretary of the Kansas Department of Health and Environment, Lee A. Norman, and others. She claimed that the Kansas statutes and regulations requiring children to be vaccinated to attend school or daycare facilities burdened her exercise of her religion. In her view, if the defendants enforce these statutes and regulations then it would violate her statutory and constitutional rights. She sought declaratory and injunctive relief to prevent this burden. The defendants asked the court to dismiss the lawsuit on the grounds of lack of

1

standing. The district court agreed, ruling that Baker has not shown that she has suffered an injury that is concrete, particularized, and actual or imminent. Her son is attending school and remains unvaccinated. The court determined that Baker had no standing to sue and dismissed the action. We agree with the district court and affirm.

*Not an adherent of any particular religious denomination, Baker claims these laws and rules have burdened her exercise of her religion.*

Baker is the mother of "Silo" (an assumed name), a 6-year-old boy. Baker has Christian religious beliefs that children's bodies are temples of the holy spirit and should honor God. She believes God gives natural immunities and that vaccines interfere in that God-given process. Baker believes injecting vaccines shows a lack of faith in God. She also believes that many vaccines use tissue from aborted fetuses which violates her religious beliefs. Baker asserts she is not a member of any religious denomination. Silo is not vaccinated.

In June 2020, Baker and Silo, through his mother, sued Lee A. Norman, the Secretary for the Kansas Department of Health and Environment, Kansas Attorney General Derek Schmidt, Governor Laura Kelly, and several other parties who are not part of this appeal. She sought relief under the Kansas Preservation of Religious Freedom Act, K.S.A. 2021 Supp. 60-5301 et seq. The pertinent provision, K.S.A. 2021 Supp. 60-5303, follows:

> "(a) Government shall not substantially burden a person's civil right to exercise of religion even if the burden results from a rule of general applicability, unless such government demonstrates, by clear and convincing evidence, that application of the burden to the person:
> (1) Is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

"(b) A person whose exercise of religion has been burdened, or is substantially likely to be burdened, in violation of this act, may assert such violation as a claim or defense in a judicial proceeding. A court may grant appropriate relief as may be necessary including:

(1) Injunctive relief;

(2) protective order;

(3) writ of mandamus or prohibition;

(4) declaratory relief;

(5) actual damages; or

(6) costs and attorney fees determined by the court.

"(c) Any person found by a court of competent jurisdiction to have abused the protection of this act by making a fraudulent claim may be enjoined from filing further claims under this act without leave of court."

In Baker's view, the people she sued are the government officials who enforce the child vaccination laws that she finds objectionable.

Baker's objections focus on two statutes—an administrative rule and a form used in daycare licensing. The two statutes are K.S.A. 72-6262 and K.S.A. 65-508. These laws set out the requirements for a child to attend school, preschool, day care, or a childcare facility. K.S.A. 72-6262 states a child enrolling in school for the first time must present certification from a physician or health department that the child has received the necessary vaccines and tests. As an alternative to the certification, the child must present:

"(1) An annual written statement signed by a licensed physician stating the physical condition of the child to be such that the tests or inoculations would seriously endanger the life or health of the child, or

3

"(2) a written statement signed by one parent or guardian that the child is an adherent of a religious denomination whose religious teachings are opposed to such tests or inoculations." K.S.A. 72-6262(b).

In turn, K.S.A. 65-508 requires children at a childcare facility to be current on immunizations considered necessary by the secretary of health and environment, unless one of the following is obtained:

"(1) Certification from a licensed physician stating that the physical condition of the child is such that immunization would endanger the child's life or health; or

"(2) a written statement signed by a parent or guardian that the parent or guardian is an adherent of a religious denomination whose teachings are opposed to immunizations." K.S.A. 65-508(h).

The regulation involved here is K.A.R. 28-4-590. It directs operators of school-aged child programs to require children to be vaccinated to attend the program. The regulation allows for a religious exemption if the operator obtains: "A written statement, submitted on a form supplied by the department [of health and environment] and signed by a parent of the child or youth, that the parent is an adherent of a religious denomination whose teachings are opposed to health assessments or immunizations." K.A.R. 28-4-590(d)(3)(B).

Finally, the KDHE form a parent can use for a religious exemption is CLL 029. That form contains a section parents can fill out if their child is exempt from getting vaccinated. It directs parents to check one of two boxes and says they are the only exemptions allowed by law:

"(A) Certification from licensed physician stating that immunization would endanger child's life.

4

"(B) My child is exempt under the law from immunizations. As the Parent or Legal Guardian, I state that I am an adherent of a religious denomination whose teachings are opposed to immunizations."

In an amended petition, the Bakers alleged the language in the statutes that the parent or child be "an adherent of a religious denomination" opposed to immunizations disfavors all others who religiously oppose vaccines but are not adherents of a particular religious denomination. The Bakers asserted that the requirement burdened their religious exercise under the Kansas Preservation of Religious Freedom Act and the Kansas Constitution Bill of Rights and also violated sections 1 and 2 of the Kansas Constitution Bill of Rights. Based on the same facts, the Bakers also alleged that the statutes violated their freedom of association and establishment of religion.

The pleadings here are lengthy. But the essence of the Bakers' claim is that the exercise of Terri's religion and her right to parent her son according to her religious beliefs are burdened by these laws and the regulation. She contends that before she can send him to school or daycare, she must either consent to her son being vaccinated or assert that she is an adherent of a religious denomination whose teachings oppose vaccination when she is not a member of a religious denomination. In her view, this requirement of membership in a religious denomination violates the Kansas Preservation of Religious Freedom Act.

Baker then alleged that several programs, schools, and groups denied the admission of her son due to his lack of vaccination or failure to meet the religious exemption requirement:
- Wee Workshop Child Development Center in Stillwell;
- Johnson County Parks and Recreation District youth camp;
- Maranatha Academy;
- Midland Adventist Academy;

- Christ Lutheran School;
- Horizon Academy Elementary; and
- Kansas City Christian School.

Baker also argued that she cannot homeschool her son because he is not vaccinated and Baker does not meet the exemption requirement of being an adherent of a religious denomination. To homeschool her son, the school's "governing authority" (Baker) would have to comply with the state's vaccination regulations. Therefore, since her son cannot be homeschooled, he is now truant.

*The district court granted the appellees' motion to dismiss.*

Governor Kelly, Attorney General Schmidt, and KDHE Secretary Lee A. Norman jointly moved to dismiss, arguing that the Bakers lacked standing and failed to state a claim upon which relief could be granted. In a thorough written opinion, the district court granted the motion.

In the motion to dismiss the appellees alleged that Silo could attend school in Blue Valley U.S.D. No. 229 unvaccinated after the Bakers provided a letter that stated: "In response to our inquiry about an immunization exemption for [Silo] in order to attend you directed us to write a letter stating that it is against our religion. Terri and I make that statement in this letter." The appellees said that Blue Valley accepted the Bakers' letter as a sufficient statement of religious objection to exempt Silo and has no intention to terminate his enrollment based on his vaccination status.

The appellees also noted that the KDHE stated it would accept the Bakers' letter to Blue Valley as sufficient to comply with the statute requiring vaccinations for daycares and childcare facilities. They attached an affidavit from Ashley Goss, the Deputy Secretary for Public Health. Goss oversees the licensing of childcare facilities and the

Bureau of Disease Control and Prevention, which oversees immunization requirements. In the affidavit Goss stated:

> "A written statement signed by a parent or guardian to the effect that it is against their religion to inoculate or immunize their child satisfies K.S.A. 65-508(h)(2). The KDHE would accept the letter described in plaintiff's Complaint at paragraph 52 for the purposes of satisfying the requirements of the statute and any other related regulation."

In granting the motion, the district court found that the Bakers lacked standing to sue the appellees. The district court explained that the petition must state facts sufficient to show that Terri and Silo suffered a cognizable injury, and a causal connection exists between that injury and the appellees' alleged conduct. Terri and Silo had to show that they were actually injured or that there was a substantial probability of injury.

The judge then characterized the Bakers' allegations of injury as a self-inflicted choice:

> "[P]laintiffs allege they suffer the risk of imminent injury, because Terri will refuse to fill out forms indicating adherence to a religious denomination by Silo in order to obtain access to government sponsored child programs or daycare. As a result, plaintiffs contend their rights will be violated because Silo is not able to enroll in certain childcare programming as an unvaccinated child.
>
> . . . .
>
> " . . . The Court is not convinced that the plaintiffs' *choice* <u>not</u> to assert a general religious objection is causally related to illegal conduct of the defendants. Under K.S.A. 60-5302(a), 'burden' is specifically defined to mean '<u>government action</u>,' not action plaintiffs choose to take."

7

The district court noted that it is the Bakers' conduct that has changed, not any alleged action or conduct of the government. The court said that the Bakers' injuries arose solely from Terri's refusal to request exemption for Silo. The district court also noted that Terri had submitted a letter containing a religious objection to vaccination for Silo but now "alleges she will no longer do so."

The district court rejected the Bakers' argument that a credible threat of enforcement existed because the appellees were not properly enforcing the statutes and the Bakers would be harmed if a court ordered them to enforce them properly. The court said that the Bakers cited nothing to support that a substantial threat actually existed. And the district court adopted the reasoning of the Tenth Circuit Court of Appeals in the Bakers' federal lawsuit, which said that the above argument turns the standing analysis on its head. See *Baker v. USD 229 Blue Valley*, 979 F.3d 866 (10th Cir. 2020).

The district court rejected the Bakers' claims that they suffered a cognizable injury:

"The injuries plaintiffs fear are not threatened or brought about due to the conduct of *the defendants*. Plaintiffs cannot manufacture injury-in-fact by refusing to request vaccination accommodation based on their own legal interpretation of K.S.A. 72-6262 and K.S.A. 65-508. That does not create a concrete, particularized, actual or imminent injury, and certainly not one that is more than hypothetical.

"After a review of the allegations, the Court finds the Amended Petition fails to allege plaintiffs suffered actual injury because of the actions of the State defendants. Silo is unvaccinated and successfully enrolled at public school. There is no evidence the State defendants have acted to deny them enrollment elsewhere after plaintiffs provided a general religious objection to vaccinations."

The court found that it lacked subject matter jurisdiction and dismissed the case without consideration of the merits.

*Our task on appeal is to review the district court's holding for legal errors.*

To resolve the questions raised in this appeal we must deal with the concepts of jurisdiction and standing to sue. Both are questions of law. Article 3, § 1 of the Kansas Constitution gives courts the judicial power to hear actual controversies between rival litigants. For an actual controversy to exist there must be standing, the issue must not be moot, the issue must be ripe, and it may not be a political question. Standing to bring an action is both a requirement for a case-or-controversy and a component of subject matter jurisdiction. The party asserting the claim has the burden to establish standing. *Baker v. Hayden*, 313 Kan. 667, 672-73, 490 P.3d 1164 (2021).

Jurisdiction and standing are questions of law over which an appellate court has unlimited review. When a district court grants a motion to dismiss based on lack of standing, the appellate court accepts the facts alleged in the petition as true, and if those facts show that the appellants have standing to sue, the decision of the district court must be reversed. *Kansas Bldg. Industry Workers Compensation Fund v. State*, 302 Kan. 656, 676, 359 P.3d 33 (2015).Standing is a question of law over which appellate courts have unlimited review. To invoke standing a party generally must show that they suffered a cognizable injury and show a causal connection between the injury and the challenged conduct. *State v. Bodine*, 313 Kan. 378, 385, 486 P.3d 551 (2021).

The appellees argue that the Bakers cannot establish a cognizable injury because Silo is attending school and remains unvaccinated. They argue that the Bakers' claims that Silo was rejected by Wee Workshop do not establish a cognizable injury because they were denied based on the Bakers' interpretation of K.S.A. 65-508.

9

This point arises from the amended petition where the Bakers explained that Terri asked Wee Workshop if Silo could attend even though he is noncompliant with the vaccine requirements because Terri is not an adherent of a religious denomination whose teachings oppose vaccinations. The Bakers are the only ones who decided they did not meet the vaccination exemption requirements. The appellees argue that a childcare facility's response to a question premised on a misstatement of law does not constitute "actual enforcement."

We also note that they provided the district court with an affidavit from Goss, whose contents we have discussed above. The appellees say that since KDHE would accept the statement the Bakers already made to Blue Valley, they have not shown an actual or impending injury.

The Bakers argue that contrary to Goss' affidavit, a general religious exemption statement is not enough to attend daycare. In their view, KDHE form CCL 029 is a mandatory form that daycares are required to use. The only religious exemption option on CCL 029 is to check a box that says, "[a]s the Parent or Legal Guardian, I state that I am an adherent of a religious denomination whose teachings are opposed to immunizations."

The Bakers argue that the district court erred by finding that there was no substantial probability of injury. Daycare and youth program operators may not know that the KDHE would accept a general religious objection. They could still require Terri to check the religious exemption on the CLL 029 form for Silo to attend or a KDHE employee could informally change the rule again. In fact, Terri stated in the amended petition that she will refuse to submit any request for a religious exemption in the future like the one she sent to the Blue Valley school district.

The Bakers assert that Terri was already actually injured by the denial of daycare and youth activities for Silo because of her religious exercise. The Bakers say the district

court's analysis simply ignored their allegations that each daycare operator and youth program actually enforced the religious exemption language as written and rejected Silo after Terri sought to have him attend.

The sticking point here is the difference between the parties' view of the term "adherent." The appellees argue, and the district court agreed, that the Bakers' injuries are self-inflicted. They contend that Terri should invoke the religious exemption because it applies to her. Terri refuses to claim the exemption because it requires her to say that either she or Silo is an adherent of a religious denomination whose teachings oppose immunizations. We note the operative word is "adherent." The law does not say a member of a denomination—just an adherent.

If we look at the definition of adherent, we see it simply means, "a supporter or follower." Webster's New World College Dictionary 17 (5th ed. 2014). The question becomes, does Terri support the religious belief that opposes vaccinations, or not? If she does, she is entitled to seek the exemption for her son on religious grounds. If not, Terri does not share those religious beliefs, then these child vaccination laws cannot be a burden to her religion and the lawsuit should be dismissed on those grounds.

According to Terri's interpretation of the statute, religious denomination is too narrow for her beliefs. Her Christian beliefs are broader than any denomination; thus, she cannot claim to be an adherent. When Terri wrote to the school district, she simply stated, "it was against her religion," and the exemption was granted. No person charged with enforcing these laws, including the district court, share her interpretation. We see why.

A misinterpretation of the law is just that—a misinterpretation. Any claimed injury to the Bakers comes from that misinterpretation—not the laws, the regulation, or the exemption form.

11

The same reasoning applies to the allegations about the Wee Workshop, the Johnson County Parks and Recreation District youth camp, and the five academies and church schools previously listed. They all had advised Terri that if Silo wanted to attend unvaccinated then they needed an exemption. But due to her misinterpretation of the statute, Terri will not even apply for one. That is a self-created injury and cannot generate standing. Silo was not admitted due to Terri's failure to apply for an exemption. This cannot be viewed as a burden to her religion as a result of government action, but instead a result of her inaction.

We agree with the district court. The Bakers lack standing to sue.

Affirmed.